UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CURTIS L. DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-2426 (UNA) |
| | ) | |
| | ) | |
| STEVE SISOLAK *et al.*, | ) | |
| *Governor of Nevada*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Civil Rights Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a Nevada state prisoner, has lodged a 473-page rambling complaint against the Governor of Nevada and "Jon and/or Jane Does, 1-100." Compl. Caption. The complaint is neither short nor plain and fails sorely to provide adequate notice of a claim. *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (a complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither plainly nor concisely stated") (internal quotation marks and citations omitted)). Consequently, it will be dismissed without prejudice.

A separate order accompanies this Memorandum Opinion.

Date: September 20, 2022

JIA M. COBB
United States District Judge